UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AARON NEGRETE ZARAGOZA and
NAEL LOPEZ MARTINEZ, *individually
and on behalf of others similarly situated*,

                      Plaintiff,

-against-

SIAM SMP INTER, INC. (d/b/a TO BE THAI), MANIT YOTMANEE and CHERRI YOTMANEE

                      *Defendants.*

**SETTLEMENT AGREEMENT
AND
GENERAL RELEASE**

15-CV-4396 (JG) (RER)

---

    This Settlement Agreement and General Release of Claims ("Agreement") is entered into by AARON NEGRETE ZARAGOZA and NAEL LOPEZ MARTINEZ on the one hand, and SIAM SMP INTER, INC. (d/b/a TO BE THAI) ("Defendant Corporation"), MANIT YOTMANEE and CHERRI YOTMANEE (together with the Defendant Corporations, "Defendants"), on the other hand.

    WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

    WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No. 15-CV-4396 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of

any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Seventy Thousand Dollars ($70,000) (the "Settlement Amount") to be paid to Plaintiff's attorneys in six ("6") installments, as follows:

(a) Installment One: A check in the amount of Thirty Thousand Dollars ($30,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", within thirty (30) days following approval of the court of this Settlement Agreement and General Release. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(b) Installment Two: A check in the amount of Eight Thousand Dollars ($8,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", to be delivered to Plaintiff's counsel within one hundred twenty (120) days following approval of the court of this Settlement Agreement and General Release. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(c) Installment Three: A check in the amount of Eight Thousand Dollars ($8,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", to be delivered to Plaintiff's counsel within two hundred twenty (210) days following approval of the court of this Settlement Agreement and General Release. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(d) Installment Four: A check in the amount of Eight Thousand Dollars ($8,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", to be delivered to Plaintiff's counsel within three hundred (300) days following approval of the court of this Settlement Agreement and General Release. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(e) Installment Five: A check in the amount of Eight Thousand Dollars ($8,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", to be delivered to Plaintiff's counsel within three hundred ninety (390) days following approval of the court of this Settlement Agreement and General Release. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(f) Installment Six: A check in the amount of Eight Thousand Dollars ($8,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", to be delivered to Plaintiff's counsel within four hundred eighty (480) days following approval of the court of this Settlement Agreement and General Release. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

All payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 2540, New York, NY 10165. All checks will be delivered to Plaintiff's attorneys with the first installment. The checks for installments two through six shall be post-dated pursuant to the terms of subparts (b)-(f) above.

2. In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiffs shall serve a written notice ("Default Notice") upon counsel for the Defendants by certified mail, and the Defendants shall have ten (10) business days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately enforce this agreement. In the event that Defendants fail to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment attached hereto as Exhibit A.

3. Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to any Plaintiffs in this Agreement, such Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

4. <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally releases and forever discharges Defendants, their affiliates, parent organizations, subsidiaries, shareholders, members, directors and managers from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time have, had or claimed to have against Defendants relating to their employment with Defendants and regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, such Plaintiff's employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, <u>except that</u> nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect his right or ability to enforce this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs regarding events that have occurred as of the Effective Date of this Agreement.

5. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. <u>Acknowledgment:</u> Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiff and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

Plaintiffs represent they have not filed any lawsuits or arbitrations against Defendants or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.

Plaintiffs hereby waive any right to reinstatement and affirms that he will not apply and does not wish to be considered for any position in the future with Defendant or any of its affiliated entities. This is a negotiated provision of this Agreement and not evidence of retaliation.

8. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and email transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 2540
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Bruce Fenton, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
(646) 338-4841
Email: befentonlaw@yahoo.com

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District

Court for the Eastern District of New York, in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Entire Agreement.</u> This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

12. <u>Release Notification:</u> Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiffs confirm that this Confidential Settlement Agreement and General Release has been translated to them in Spanish and that they understands the terms of this Agreement and that they are signing this Agreement voluntarily.

13. <u>Counterparts:</u> To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Signed facsimile, PDF, or e-mail copies of a counterpart will be acceptable as an original.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

PLAINTIFFS:

Dated: 3/18/2016                    _____
                                     AARON NEGRETE ZARAGOZA

Dated: 3/18/2016                    _____
                                     NAEL LOPEZ MARTINEZ

**EXHIBIT A**

DEFENDANTS:

Dated: 3/22/16

_____
MANIT YOTMANEE, individually and as Owner
and President of SIAM SMP INTER, INC

Dated: 3/22/16

_____
CHERRI YOTMANEE

SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY
----------------------------------------------------------X

AARON NEGRETE ZARAGOZA and
NAEL LOPEZ MARTINEZ, *individually
and on behalf of others similarly situated,*

                        *Plaintiff,*

                 -against-

SIAM SMP INTER, INC. (d/b/a TO BE
THAI ), MANIT YOTMANEE and
CHERRI YOTMANEE

                        *Defendants,*

----------------------------------------------------------X

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK  )
                             ) ss.
COUNTY OF  NY     )

Manit Yotmanee, being duly sworn, deposes and says:

I, Manit Yotmanee, am an owner of SIAM SMP INTER, INC. (d/b/a TO BE THAI) with its principal places of business located at 126 Beverley Road, Brooklyn, New York 11218.

I reside at _290 East 2nd Street Apt. 6, Brooklyn, N.Y. 11218_

I have authority to sign on behalf of SIAM SMP INTER, INC. (d/b/a TO BE THAI) and I am duly authorized to make this affidavit on the undersigned entity's behalf.

On behalf of myself personally and on behalf of SIAM SMP INTER, INC. (d/b/a TO BE THAI) I hereby confess judgment and authorize entry of judgment against myself personally and against SIAM SMP INTER, INC. (d/b/a TO BE THAI) in favor of Plaintiffs for the sum of $130,000, less any payments previously received pursuant to the terms of the Settlement Agreement and General Release of Claims dated March ___, 2016 (the "Settlement

Agreement"), signed by Plaintiffs and Defendants in the above-captioned proceeding, together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each of SIAM SMP INTER, INC. (d/b/a TO BE THAI) and Manit Yotmanee jointly and severally with Cheri Yotmanee.

_____
Manit Yotmanee,
Individually, and as owner of SIAM SMP INTER, INC. (d/b/a TO BE THAI)

Sworn to before me this

22nd day of MAR. of 2016

_____
Notary Public

BRUCE FENTON
Notary Public, State Of New York
No. 02FE6129702 - New York County
Commission Expires July 5, 20 17

## CORPORATE ACKNOWLEDGMENT
## OF SIAM SMP INTER, INC. (d/b/a TO B THAI)

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF   NY      )

On the 22nd day of MAR, 2016, before me personally came Manit Yotmanee, as the authorized manager of SIAM SMP INTER, INC. (d/b/a TO B THAI), to me known who, being by me duly sworn, did depose that he is the authorized manager of SIAM SMP INTER, INC. (d/b/a TO B THAI) and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

BRUCE FENTON
Notary Public, State Of New York
No. 02FE6123702 - New York County
Commission Expires July 5, 20 17

## PERSONAL ACKNOWLEDGMENT OF MANIT YOTMANEE

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF   NY      )

On the 22nd day of MAR 2016, before me personally came Manit Yotmanee, to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

BRUCE FENTON
Notary Public, State Of New York
No. 02FE6123702 - New York County
Commission Expires July 5, 20 17

SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY
-----------------------------------------------------------------X
AARON NEGRETE ZARAGOZA and
NAEL LOPEZ MARTINEZ, *individually
and on behalf of others similarly situated*,

                        *Plaintiff*,

-against-

SIAM SMP INTER, INC. (d/b/a TO BE
THAI ), MANIT YOTMANEE and
CHERRI YOTMANEE

                        *Defendants*
-----------------------------------------------------------------X

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

STATE OF NEW YORK  )
                               ) ss.
COUNTY OF __NY__ )

CHERRI YOTMANEE, being duly sworn, deposes and says:

I, Cherri Yotmanee, am a resident of __KINGS__ County, in the State of New York

I hereby confess judgment and authorize entry of judgment against myself personally and in favor of Plaintiffs for the sum of $130,000, less any payments previously received pursuant to the terms of the Settlement Agreement and General Release of Claims dated March ___, 2016 (the "Settlement Agreement"), signed by Plaintiffs and Defendants in the above-captioned proceeding, together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against me personally, and jointly and severally with SIAM SMP INTER, INC. (d/b/a TO B THAI) and Manit Yotmanee.

_____
Cherri Yotmanee

Sworn to before me this

22nd day of MAR of 2016

_____
Notary Public

BRUCE FENTON
Notary Public, State Of New York
No. 02FE6129702 - New York County
Commission Expires July 5, 20 17

### PERSONAL ACKNOWLEDGMENT OF Cherri Yotmanee

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

On the 22nd day of MAR 2016, before me personally came Cherri Yotmanee, to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

BRUCE FENTON
Notary Public, State Of New York
No. 02FE6129702 - New York County
Commission Expires July 5, 20 17